89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Amy L. FITCHET, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-4025.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Amy L. Fitchet appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Fitchet filed an application for social security disability insurance benefits alleging that she was disabled due to Crohn's disease. Following a hearing, an administrative law judge (ALJ) determined that Fitchet was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Fitchet then filed a complaint seeking review of the Commissioner's decision. The parties consented to have the case decided by a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Fitchet contends that the ALJ's hypotheticals to the vocational expert were flawed because the hypotheticals did not include all her non-exertional impairments. A vocational expert's testimony must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The hypothetical question is not erroneous when at least one doctor substantiates the information contained therein. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam). We conclude that the hypothetical questions posed to the vocational expert were not flawed.
 
 
 7
 Fitchet contends that the ALJ did not give proper weight to the opinion of her treating physician. A treating physician's opinion is afforded more weight than the opinion of a physician who is employed by the government. However, the ultimate determination of disability rests with the Commissioner, not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). Even though an ALJ is not bound by a treating physician's opinion, he must set forth his reasons for rejecting the opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). The ALJ's consideration of the treating physician's opinion was proper given the objective medical evidence in the record.
 
 
 8
 Finally, Fitchet contends that the ALJ did not properly evaluate her allegations of disabling pain. However, the objective evidence does not establish that Fitchet was disabled due to pain. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation